IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Criminal Action No. 3:06CR51

CARLTON JOSEPH LEWIS,

    Defendant.

## REPORT and RECOMMENDATION

On the 5th day of December, 2006, the Defendant, CARLTON JOSEPH LEWIS, appeared in person and by his counsel, Kevin Mills, and the United States appeared by Paul Camilletti, Assistant United States Attorney, for a hearing on Defendant's Motion to Suppress.

## Facts

Defendant contends that, under the circumstances described herein, he was illegally arrested without a warrant; that the alleged crack cocaine recovered was not recovered incident to a lawful arrest, nor in plain view, nor as a result of any other recognized exception to the per se rule that warrantless search and seizures violate the Fourth Amendment of the United States Constitution; that therefore the Government should be precluded from introducing the alleged crack cocaine recovered into evidence.

The United States contends that the arrest was lawful and the seizure of crack cocaine was not a violation of the Defendant's Fourth Amendment rights.

## **Legal Conclusions**

1.      Was the arrest of the Defendant done without probable cause?

The agreed upon facts are that the police officers observed the defendant conducting several "transactions" in the dark near the rear of an apartment building near a drain.

The defendant was stopped by the officers as he started to leave the area and the officers returned to the area of the drain and found several grams of crack cocaine in said drain.

The officers had observed the defendant and another person conducting transactions and as a result had the right to conduct a "Terry Stop". *Terry v. Ohio,* 392 US 1 (1968).

After the stop was made the officers went to the drain and confiscated the crack cocaine.

As for the defendant's argument that his arrest was without probable cause, it is well settled that a warrantless arrest, like the one in this case, requires only that the arresting officers possess probable cause to believe that the person has committed or is committing a felony offense. *Beck v. Ohio,* 379, U. S. 89, 91 (1964).

To determine whether probable cause existed, the court must look to the totality of the circumstances known to the officers at the time of the arrest. *Illinois v. Gates,* 462 U. S. 213, 230-31 (1968).

It is concluded that the stop was legal.

2.      Should the seizure of cocaine from the drain be suppressed?

Defendant has made no showing that he was entitled to or enjoyed any expectation of privacy in a "drain spout" located on the exterior of an apartment complex. Furthermore, defendant has not indicated any possessory rights as to the crack cocaine seized from the drain pipe.

It is well-established that a criminal defendant does not have standing to contest the search of an area unless he can show he had a reasonable expectation of privacy in the area shearched or the property seized.  *United States v. Rusher,* 966 F.2d 868, 873-74 (4th Cir. 1992).

Since the Defendant cannot show a Right of Privacy to the crack cocaine in the "drain pipe", or that it was under his control, he has no standing to object to the seizure whether the initial car stop/ "Terry Stop" was proper or not.

### Recommendation

It is my **Recommendation** that the Motion to Suppress the arrest and the crack cocaine be **Denied.**

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to transmit a copy of this Recommendation to parties who appear pro se and any counsel of record, as applicable.

DATED: December 8, 2006

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE