IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                    CRIMINAL ACTION NO. 3:06CR51
                                                   (STAMP)

CARLTON JOSEPH LEWIS,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

This matter is now before the Court for consideration of the Report and Recommendation of Magistrate Judge David J. Joel (Doc. No. 51), dated December 8, 2006, and the defendant's corresponding objections (Doc. No. 53) filed December 14, 2006. Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of the above. As a result, the Court is of the opinion that the Magistrate Judge's Report and Recommendation **(Doc. No. 51)** should be, and is hereby, **ORDERED ADOPTED**. Specifically, this Court **FINDS** that denial of defendant's **Motion to Dismiss or Suppress Evidence (Doc. No. 25)** is warranted because defendant's arrest was supported by probable cause and because the defendant lacked a reasonable expectation of privacy in the area searched.

II.    Factual and Procedural Background

On April 18 and 19 of 2005, officers of the Berkeley Country Sheriff's Department conducting surveillance observed the defendant make hand-to-hand transactions with the occupants of two distinct vehicles. Subsequent stops of the each vehicle yielded small quantities of cocaine

base. In addition to the vehicle transactions, officers observed the defendant making frequent trips to a drain spout located behind an apartment complex. After observing an additional hand-to-hand transaction, officers approached the defendant as he walked toward the rear of the apartment complex and placed him under arrest. Following the arrest, a search of the drain spout revealed 7.52 grams of cocaine base.

On November 2, 2006, the defendant filed a Motion to Dismiss or Suppress Evidence (Doc. No. 25) attacking the validity of defendant's arrest and the subsequent seizure of cocaine base on Fourth Amendment grounds. On November 9 and 28 of 2006, the United States filed responses (Doc. No. 28 & 41), and the matter was set for a hearing before Magistrate Judge David J. Joel on December 5, 2006. Following the hearing Magistrate Judge Joel issued his Report and Recommendation dated December 8, 2006 (Doc. No. 51), and on December 14, 2006 the defendant filed his objections thereto (Doc. No. 53).

III.  Legal Standards

Fourth Circuit law is well settled that probable cause sufficient "to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990). Furthermore, it is the totality of the circumstances known to the officers at the time of arrest that informs this probable cause determination. Illinois v. Gates, 462 U.S. 213, 230-31 (1968). Similarity, in regard to the prohibition against unreasonable searches provided by the Fourth Amendment, it is equally well settled that a defendant lacks standing to challenge the validity of a search absent a reasonable expectation of privacy in the area searched or the property

seized. United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992).

IV. Discussion

In addressing the circumstances of the case at bar, it is clear to the Court that sufficient probable cause existed to justify the legality of the defendant's arrest. Specifically, the observations by the officers of defendant's multiple hand-to-hand transactions, the subsequent recovery of cocaine base from the searched vehicles, and defendant's numerous trips to the drain pipe area are all strong indicia to a person of reasonable caution that the defendant had committed a criminal offense. Furthermore, the Court is not persuaded by defendant's objection to the Report and Recommendation regarding the Magistrate's refusal to allow testimony establishing that the defendant was not involved in one of the hand-to-hand transactions. While the asserted testimony of defendant's witness certainly bears on the ultimate question of the defendant's guilt regarding that particular transaction, as noted above, the relevant inquiry for the validity of the arrest is the totality of the circumstances known to the officers at the time of arrest. See Illinois v. Gates, 462 U.S. 213, 230-31 (1968). Even discounting the transaction in question, the Court is convinced that, under the totality of circumstances, sufficient indicia of criminal activity existed to establish probable cause validating the defendant's arrest.

As a final matter, the Court concludes that the defendant does not have standing to challenge the seizure of the cocaine base because the defendant did not have a reasonable expectation of privacy in the drain spout. In response to this finding by the Magistrate Judge, the defendant argues that standing does in fact exist because the search did not meet an enumerated exception to the warrant requirement. However, the defendant's objection is misplaced; no exception to the warrant requirement is needed to validate the search because the protections of the Fourth Amendment do

not extend to the area searched.

V.   Conclusion

For the foregoing reasons, the defendant's **Motion to Dismiss or Suppress Evidence (Doc. No. 25) is DENIED.**

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the defendant and all counsel of record herein.

**DATED**  this 24th day of **January**, **2007.**

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE